Robert J. DeGroot, Esq.
56 Park Pl.
Newark, N.J. 07102
Attorney for Defendant
(973) 643-1930

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

---------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Vs. | :   1:13-cr-00558-CBA |
| Mauricio Ribeiro Prates, | : |
|     Defendant. | : |

---------------------------------------X

_____

DEFENDANT'S SENTENCING MEMO
_____

Robert J. DeGroot, Esq.
56 Park Pl.
Newark, N.J. 07102.
Attorney for Defendant
(973) 643-1930

## TABLE OF CONTENTS

I.   Personal Background                                                1

II.  The offense conduct                                                2

III. Offense Level Computation                                          4

IV.  Sentencing Option                                                  4

V.   SENTENCING:  ANALYSIS OF THE 18 U.S.C. §3553 FACTORS               5

   (i).  The nature and circumstances of the offense and the history and characteristics of the Defendant.   6

   (ii.) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and (iii). The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.   7

   (iv.) The need to provide restitution to any victims of the offense.   8

   (v.) The need to avoid sentence disparities among Defendants with similar records who have been found guilty of similar conduct.   8

CONCLUSION                                                              8

## I. Personal Background

Mauricio Ribeiro Prates (Hereinafter "Defendant") is a forty-five year old male who is a resident of Brazil. The Defendant was born to a working class family in the mountainous region of Sovernador Valadares. The Defendant's father was a dairy merchant and the Defendant's mother was a housewife. Unfortunately, the Defendant's parents separated when he was just fifteen years old. The Defendant's mother moved to Massachusetts while his father stayed in Brazil. The Defendant was thereafter raised by a single father.

Despite the trauma associated with having his mother leave him, the Defendant had a strong support system in his siblings, Mariusa Serjus Prates (age 48), a current resident of Milford Massachusetts who resides with her husband and two children. Joana d'Arc Ribeiro (age 43), who resides in Portugal with her husband and two children. Jonio Ribeiro (age 40), a resident of Brazil who resides with his wife and two children. Tania Ribeiro Rezende (age 35), who resides in Milford, Massachusetts with her husband, two children, and her mother.

After the Defendant completed his military service, he married his current wife Eucilene Brandao. Ms. Brandao is unemployed due to her health and is having difficulties meeting financial obligations as a result of the Defendant's loss of income since his arrest. The Defendant and Ms. Brandao have two children together, Natalia Ribeiro Brandao and Caio Ribeiro Brandao. Ms. Brandao also has a son from a previous relationship, Tomas, that the Defendant helps rear.

The Defendant supports his family by operating several businesses, including "Viagens Turismo" (a tourist agency) and a gems mine. Prior to his arrest, the Defendant also employed eight people to work for his various companies. Despite only completing the seventh grade and not having any formal education, the Defendant strives and manages to support his family through hard work and entrepreneurship.

**II. The offense conduct**

On April 17, 2013, the Defendant submitted an application for a B1/B2 Visa. In the application, the Defendant denied that he was ever arrested. Contrary to the Defendant's representation, the Defendant was in fact arrested in Brazil on previous occasions for non-violent crimes. The Defendant lied on his visa application because

2

disclosure of his previous arrests would have resulted in a denial for a request for a visa.

The Defendant applied for a Visa so that he could travel to visit his mother and his family in Massachusetts. The Defendant was accompanied by his wife and son on the trip to Massachusetts. The Defendant's young daughter stayed behind in Brazil. The Defendant intended to return to Brazil after his trip to visit family after this trip.

When the Defendant arrived to Kennedy Airport on September 19, 2013, he was arrested and charged with Visa fraud in violation of 18 U.S.C. §1546 (a). The Defendant has been incarcerated since September 19, 2013 at the Metropolitan Detention Center in Brooklyn.

The Defendant entered a guilty plea on October 18, 2013 to a one count indictment of visa fraud in violation of 18 U.S.C. §1546 (a). This statute makes it a violation for an individual to use, "attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means

3

of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained."

**III.  Offense Level Computation**

The Base level offense for a violation of 18 U.S.C. §1546 (a) is found in the U.S.S.G. §2L2.2 (a) which provides for a base level of 8.  The probation department recommends a two level reduction for acceptance of responsibility as per U.S.S.G. §3E1.1 (a).  The total offense level is a 6.

A two level reduction for acceptance of responsibility is warranted as The Defendant immediately acknowledged to law enforcement that he lied on his visa application. One month later the Defendant entered a guilty plea to the one count indictment thereby saving the United States substantial resources in prosecuting him.

**IV.  Sentencing Option**

The United States Probation Officer drafting the report notes that a level six guideline number recommends a term of 0 to 6 months imprisonment.  The Defendant is also eligible for probation pursuant to 18 U.S.C. §3561 (c) (1).

4

**V.   SENTENCING:   ANALYSIS OF THE 18 U.S.C. §3553 FACTORS**

Sentencing involves a three step process wherein the Court must first calculate the Defendant's sentence guidelines; then consider any motions for departures from both the Defendant and the government; and finally "exercise [its] discretion by considering the relevant 3553 (a) factors in setting the sentence to be imposed." U.S. v. Ali, 508 F. 3d 136, 142 (3d Cir. 2007).  See also United States v. Booker, 543 U.S. 220 (2005).

18 U.S.C. 3553 (a) provides that the Court must consider the following considerations when assigning a sentence:  (1) The nature and circumstances of the offense and the history and characteristics of the Defendant; (2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) The need to provide the Defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing commission; (6) The need to avoid sentence disparities among Defendants with similar records who have been found guilty of similar

5

conduct; and (7) The need to provide restitution to any victims of the offense.  18 U.S.C. 3553.

**(i).  The nature and circumstances of the offense and the history and characteristics of the Defendant.**

The Defendant knew that he would be unable to enter the United States if he disclosed on his visa application his previous arrests for non-violent crimes.  This was the Defendant's first visit to the United States and he wished to see his nephews, nieces and elderly mother.  The offense committed was not motivated by greed or lascivious desires but instead of a want to see family.  Although not justifying the offense, the motive for this offense shows that the Defendant is not a dangerous or "bad" individual that needs to be punished for conduct aimed to hurt others.

**(ii.) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and (iii). The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

The Defendant has been incarcerated since September 2013. At the time of his sentence, he will have served approximately three months in the Metropolitan Detention Center. The sentencing guidelines for the within offense recommend a prison term between 0-6 months. The probable immigration consequence for a non-citizen and non-legally permanent resident who is found guilty of violating the within statute is also removal from the country. As a result of this conviction, the Defendant will have very little (if any) of a chance to now gain re-entry into the country.

Should the Court impose a sentence of time served, it will provide more than just punishment for an individual who lied on his application for a visa so that he could visit his elderly mother and family. A sentence of time served will ensure that the Defendant will be removed from the United States and precluded from entering for at least

7

ten years if not for life.  The punishment of a time served sentence is more than adequate deterrence to the actions that the Defendant committed.

**(iv.)  The need to provide restitution to any victims of the offense.**

There are no victims in the within matter and the Defendant has not caused any losses.

**(v.) The need to avoid sentence disparities among Defendants with similar records who have been found guilty of similar conduct.**

There are no co-defendants in the within matter.

**Conclusion**

For the foregoing reasons, the Defendant requests a sentence of time served and immediately voluntary removal from the United States.

Respectfully submitted,

_____
Robert J. DeGroot, Esq.

8